## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MICHAEL J. GAVIN (#9000116394)**　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**RICHARD MOORE, ET AL.**　　　　　　　　　　　　　　**NO. 11-0704-FJP-DLD**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 1, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

MICHAEL J. GAVIN (#9000116394)  CIVIL ACTION

VERSUS

RICHARD MOORE, ET AL.  NO. 11-0704-FJP-DLD

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The pro se plaintiff, an inmate confined at the East Baton Rouge Parish Prison, Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Judge Richard Moore, Assistant District Attorney Jermaine Guillory, and Public Defenders Jason Chatagnier and Franz Borghardt, complaining of irregularities in his criminal proceedings before the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. Specifically, the plaintiff complains that, at hearings conducted on April 20, May 17 and June 2, 2010, Judge Moore refused to accept the plaintiff's proffered plea of not guilty and, instead, finally accepted a plea of not guilty and not guilty by reason of insanity which was made by the plaintiff's attorney against the plaintiff's will. In addition, Judge Moore allegedly ordered a sanity evaluation, but when the resulting report opined that the plaintiff was mentally competent, Judge Moore disregarded the report and, on December 7, 2010, found the plaintiff mentally incompetent and ordered the plaintiff committed to a mental facility. Finally, at a hearing conducted on February 14, 2011, Judge Moore again disregarded an evaluation by a mental health professional that the plaintiff was mentally competent and ordered the plaintiff placed in a halfway house, which placement nonetheless did not occur. The plaintiff complains that Assistant District Attorney Guillory and Public Defenders Chatagnier and Borghardt participated in the above proceedings and that defendant Borghardt improperly reviewed the plaintiff's medical records in violation of the Health Insurance Portability and Accountability Act ("HIPAA") and falsely reported to Judge Moore that the plaintiff had "brain

damage" from a prior accident.  The plaintiff prays for monetary damages resulting from the defendants' alleged wrongful conduct.

Pursuant to 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e).  See also, Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986).  An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  Davis v. Scott, 157 F.3d 1003 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional.  Neiztke v. Williams, supra, Denton v. Hernandez, supra.  Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1993.  Id.; Ancar v. SARA Plasma, Inc., 964 F.2d 465 (5th Cir. 1992).  A § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed.  Green v. McKaskle, supra.

The plaintiff's allegations fail to show that there is an arguable factual and legal basis of constitutional dimension for the asserted wrongs.  Turning first to the plaintiff's claim asserted against Judge Richard Moore, this claim is barred by the doctrine of absolute judicial immunity. While such immunity is a question of law to be determined upon the facts of each case, Brewer v. Blackwell, 692 F.2d 387 (5th Cir. 1982), it is clear that this immunity extends to claims arising from acts performed in the defendant's judicial role.  This immunity shields a judge unless he or she acts

in the clear absence of all jurisdiction over the subject matter or in a non-judicial capacity.  See, e.g., Mireles v. Waco, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); Brewer v. Blackwell, supra.  See also Ammons v. Baldwin, 705 F.2d 1445 (5th Cir. 1983), cert. denied, 465 U.S. 1006, 104 S.Ct. 999, 79 L.Ed.2d 232 (1984).  Moreover, this immunity applies however erroneous the act and however evil the motive.  Johnson v. Kegans, 870 F.2d 992 (5th Cir. 1989).  Applying this test here, it is clear that the alleged conduct of Judge Moore in attempting to elicit a plea from the plaintiff, in convening a sanity commission, in finding the plaintiff incompetent to stand trial, in committing the plaintiff to a mental institution, and in thereafter ordering the plaintiff placed in a halfway house, were within the scope of the defendant's judicial authority.  Therefore, defendant Moore is shielded from the plaintiff's claims by absolute judicial immunity and is entitled to dismissal herein.

Further, the plaintiff's claim asserted against Assistant District Attorney Jermaine Guillory is barred by the doctrine of absolute prosecutorial immunity.  A district attorney is absolutely immune in a civil rights lawsuit for any action taken pursuant to his role as a prosecutor in preparing for the initiation of judicial proceedings or in presenting the State's case before the court.  See Kalina v. Fletcher, 522 U.S. 118, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); Esteves v. Brock, 106 F.3d 674 (5th Cir.), cert. denied, 522 U.S. 828, 118 S.Ct. 91, 139 L.Ed2d 47 (1997).  The courts employ a "functional" test in determining whether a prosecutor is entitled to absolute immunity, pursuant to which the courts look to the "nature of the function performed" by the prosecutor.  Buckley v. Fitzsimmons, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993).  A prosecutor's immunity applies to actions taken in initiating prosecution, in carrying the case through the judicial process, and to those actions which are "intimately associated with the judicial phase of the criminal process."  Esteves v. Brock, supra, quoting Imbler v. Pachtman, supra.  "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  Labry v.

Mamoulides, 248 F.3d 1142 (5th Cir. 2001), quoting Kerr v. Lyford, 171 F.3d 330 (5th Cir. 1999), abrogated on other grounds, Castellano v. Frazogo, 352 F.3d 330 (5th Cir. 2003), cert. denied, 543 U.S. 808, 125 S.Ct. 31, 160 L.Ed.2d 10 (2004). In the instant case, the plaintiff's claim against Assistant District Attorney Guillory is based upon the defendant's conduct as the advocate for the State of Louisiana, and the defendant is therefore entitled to absolute prosecutorial immunity. See Imbler, supra; Cousin v. Small, 325 F.3d 627 (5th Cir. 2003), cert. denied, 540 U.S. 826, 124 S.Ct. 181, 157 L.Ed.2d 48 (2003). Accordingly, the plaintiff's claim against defendant Guillory must be dismissed because the plaintiff seeks recovery from a defendant who is immune from such relief. See Delaney v. Ackal, 2009 WL 5195935 (W.D. La., Oct. 10, 2009).

Finally, the plaintiff complains of the actions of his appointed attorneys, Public Defenders Jason Chatagnier and Franz Borghardt, who he asserts failed to take appropriate legal action on his behalf in connection with his criminal proceedings. The plaintiff's allegations fail to establish, however, that the defendants acted "under color of state law", which is a prerequisite for the assertion of a claim under § 1983. Private attorneys, whether retained or appointed in any proceeding, owe their duty only to their clients and not to the public or to the State. Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Thus, this claim is not cognizable under § 1983 because no "state action" is involved and because § 1983 does not operate as a vehicle for the prosecution of legal malpractice claims against attorneys. See Ellison v. De La Rosa, 685 F.2d 959 (5th Cir. 1982); O'Brien v. Colbath, 465 F.2d 358 (5th Cir. 1972); United States v. Zibilich, 542 F.2d 259 (5th Cir. 1976). Accordingly, it is clear that the allegations of the plaintiff's Complaint fail to state a claim of arguable constitutional dimension against defendants Chatagnier and Borghardt.

Finally, to the extent that the plaintiff may seek to invoke federal subject matter jurisdiction based on an alleged violation of the HIPAA statute, the law is clear that there is no private cause or right of action arising under this statute, and it therefore may not form the basis for federal

jurisdiction. See Acara v. Banks, 470 F.3d 569 (5th Cir. 2006); Wells v. Pinion, 2008 WL 2185329 (E.D. La., May 20, 2008); Bigelow v. Sherlock, 2005 WL 283359 (E.D. La., Feb. 4, 2005). Accordingly, it is appropriate that this claim also be dismissed as legally frivolous within the meaning of 28 U.S.C. § 1915(e).

**RECOMMENDATION**

It is recommended that the plaintiff's action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted within the meaning of 28 U.S.C. § 1915(e).[1]

Signed in Baton Rouge, Louisiana, on February 1, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1] The plaintiff is hereby placed on notice that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."